IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LESLIE W. FONTENOT** § | | **CIVIL ACTION NO. 2:23-00353** |
| *Plaintiff* § | | |
| § | | |
| **v.** § | | |
| § | | |
| **THE CITY OF JENNINGS** § | | |
| *Defendant* § | | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **LESLIE W. FONTENOT**, for his Original Complaint against **THE CITY OF JENNINGS.** In support of his Complaint, Plaintiff hereby states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), as it appears at 29 U.S.C. § 621 *et seq*.

2. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, law or treaties of the United States;

   b. 28 U.S.C. § 1343 (3) and (4), which give district courts jurisdiction over actions to secure civil rights extended by the United States government;

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2022 (Charge No. 461-2023-00299). For all claims investigated by the EEOC, the Charging Party is afforded ninety (90) days from his

1

receipt of Dismissal and Notice of Suit Rights to file suit. The EEOC issued suit rights on December 16, 2022, and Plaintiff files suit within the ninety (90) days afforded by law. *See* Exhibit A. Accordingly, Plaintiff has exhausted his administrative remedies with EEOC.

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the events that gave rise to this Complaint occurred in the Western District of Louisiana, specifically in Jefferson Davis Parish, making the Lake Charles Division the most appropriate Division for this suit.

## PARTIES

5. Plaintiff is a citizen of the United States and resides in the city of Jennings, Parish of Jefferson Davis, State of Louisiana, which is in this judicial district.

6. At all times relevant to this suit, Plaintiff worked as a Street Department Supervisor for the City of Jennings. As such, Plaintiff was a public employee.

7. At the time of the acts complained of herein, Plaintiff was approximately sixty (60) years old and, as such, was a member of the protected age class.

8. Defendant, **CITY OF JENNINGS**, is a municipal corporation organized and existing under the domestic laws of the State of Louisiana. Its principal place of business in located in the city of Jennings, Parish of Jefferson Davis, State of Louisiana.

## FACTUAL ALLEGATIONS

9. Plaintiff began his employment with the City of Jennings on December 21, 1998.

10. Beginning in approximately April 2022, and continuing through December 2022, City Officials, including Mayor, Henry Guinn ("Guinn") began subjecting Plaintiff to a hostile work environment in a clear effort to prompt Plaintiff's resignation from his twenty-year employment.

11. As illustrative example, Guinn directed or allowed other employees to intentionally manipulate Plaintiff's Street Department financial budget without Plaintiff's knowledge. This intentional manipulation caused shortfalls in Plaintiff's planned city projects, all of which fell under Plaintiff's control as Street Department Supervisor.

12. The Guinn-created budget shortfalls were entirely humiliating to Plaintiff and altogether interfered with his ability to successfully perform his sanctioned job duties.

13. As an illustrative example, Guinn began publicly advertising city-wide demolition ventures and, when Plaintiff attempted to commence work on said projects to meet public demands and expectations, Guinn would state, "we're not in the demo business," and then preclude Plaintiff from performing the job.

14. Guinn's public statements, which spurned public expectation regarding Plaintiff's job functions, created a false narrative about Plaintiff, leading Plaintiff to be "blamed" and "take the fault" for demolition-related complaints brought by the public to Guinn's attention.

15. Guinn's method of directing or redirecting in the background and then refusing to take responsibility for the negative outcomes was rendered a "failure" on the part of Plaintiff.

16. As an illustrative example, Guinn either directly participated in (or witnessed and condoned) other supervisors and employees intentionally sabotaging and delaying Plaintiff's work projects, including the deliberate concealment of necessary work

equipment. When Plaintiff reported his concerns that employees were deliberately interfering with the performance of his job duties, Guinn acted disinterred and made it appear as though Plaintiff was simply "overreacting."

17. As an illustrative example, Guinn intentionally reduced Plaintiff manpower from twelve (12) employees to three (3) employees for a city-wide task. On multiple occasions, Plaintiff acted as both a supervisor and laborer completing job tasks, which would require Plaintiff to run a backhoe, get of the backhoe to reposition the truck, and move back and forth between various pieces of large equipment to complete the job. On several occasions, Plaintiff watched Guinn and Ira Bertrand observe his work from a parked car nearby and deliberately laugh at Plaintiff.

18. As an illustrative example, on numerous occasions, Guinn intentionally berated and/or undermined Plaintiff's workplace authority in an effort to reduce Plaintiff's subordinates' confidence in his leadership ability.

19. In September 2022, Guinn instructed Plaintiff to take various classes. When Plaintiff replied that he had significant work to complete, Guinn indicated that Plaintiff had to decide whether he wanted to be an operator or a supervisor.

20. On October 6, 2022, Guinn called Plaintiff, instructed Plaintiff to meet him (Guinn) at Guinn's office the following morning at 8:00 a.m., and indicated to Plaintiff that Plaintiff was in "big trouble."

21. On October 7, 2022, Plaintiff met with Guinn at Guinn's office. During the meeting, Guinn indicated that he had "been told by someone" that Plaintiff made a sexual "suggestion" to a new female employee, Keshia Shoats and that Plaintiff was being placed on administrative leave until further notice. Notably, the incidents alleged by Guinn occurred

off city hours, off city premises, were not witnessed by any witness, and Shoats did not provide a statement or any other evidence to support any allegations against Plaintiff.

22. Upon information and belief, Shoats was a very new employee who had been afforded an employment opportunity with Defendant by Guinn himself. Additionally, prior to Shoats' employment with Defendant, Shoats worked at Guinn's favorite after-hours sports bar in town, and there were significant rumors circulating that Guinn was having an illicit relationship with Shoats.

23. On October 17, 2022, Plaintiff reported to Guinn's office in order to discuss Guinn's chosen course of action with respect to Plaintiff. During the meeting, Guinn offered Plaintiff an operator position and indicated that Plaintiff could no longer assume a supervisor position. At no time did Guinn ever ask Plaintiff to explain his version of events relating to the serious allegations lodged against him. Then, Guinn instructed Plaintiff to "resign" because of "what was said about him" and because, according to Guinn, Plaintiff had not "done his job in three (3) years." During the meeting, Guinn gave Plaintiff three options: 1) self-demote to an operator position; 2) be terminated; or 3) resign.

24. At approximately 7:30 a.m. on October 19, 2022, Guinn appeared at Plaintiff's shop and, unbeknownst to Plaintiff, instructed all of the employees that Plaintiff would not be returning to work.

25. On October 20, 2022, Plaintiff submitted a "resignation" letter to Defendant, detailing his position that he was being forced to resign. Thereafter, Plaintiff approached City Attorney, Mr. Derek Bisig, at which time Plaintiff asked whether Ira Bertrand, who had been accused of various acts of misconduct numerous times over his career with the City, had ever been disciplined in any way for his behavior. In response, Bisig indicated "no." Thereafter,

5

Plaintiff asked Bisig why he had not attended the October 17, 2022 meeting, and in response, Bisig indicated that Guinn had instructed him not to attend.

26. During the October 20, 2022 meeting, Bisig asked Plaintiff whether he had spoken to an attorney, and when Plaintiff indicated that he had spoken with an attorney who indicated that it was "too much of a case," Bisig instructed Plaintiff to "get another one."

27. On October 24, 2022, Plaintiff went to Guinn's office and asked whether Bisig and Guinn had spoken following Plaintiff's October 20, 2022 conversation with Bisig. Once Plaintiff learned that no follow-up conversation had taken place between Bisig and Guinn, Plaintiff completed his retirement paperwork and left.

28. Upon good information and belief, the City of Jennings has engaged in a recent pattern of "forcing out" the older Jennings employees and replacing them with younger employees. Several age-protected employees, including, but not limited to Priscilla Goodwin, Claude "Winston" Guillory, Debbie Breaux, Martha Amie, Steven Gauthier, Ryan Temple, and Michael Janise, were recently discharged, voluntarily or involuntarily, from the City.

## FIRST CAUSE OF ACTION: 
## AGE DISCRIMINATION IN EMPLOYMENT
*Pursuant to 29 U.S.C. § 621 et seq.*

29. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

30. At the time of the adverse employment action, Plaintiff was over forty (40) years old and is therefore a member of a protected class.

31. Plaintiff was qualified for his position as Streets Department Supervisor. Plaintiff successfully served in such capacity for the last several years of his employment, all without issue and without disciplinary action.

32. Plaintiff was constructively discharged from his employment, and, thus, suffered an adverse employment action on December 20, 2022.

33. Plaintiff's Street Department Supervisor position was assumed by Trent Broussard, a member outside the protected age class and a substantially younger individual than Plaintiff.

34. Plaintiff's age was a determining factor in treating Plaintiff less favorably than younger employees.

35. Upon good information and belief, based on disparate treatment, Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his age.

36. Upon good information and belief, the City of Jennings has engaged in a recent pattern of "forcing out" the older employees and replacing them with substantially younger employees. Several Jennings employees, including, but not limited to Priscilla Goodwin, Claude "Winston" Guillory, Debbie Breaux, Martha Amie, Steven Gauthier, Ryan Temple, and Michael Janise, all of whom were recently discharged, voluntarily or involuntarily, from the City.

37. On several occasions, Plaintiff opposed what he perceived to be discriminatory treatment on the basis of his age. The City of Jennings did nothing to rectify the situation.

38. Wherefore Plaintiff asks this Honorable Court to find the City of Jennings liable for the violation of Age Discrimination in Employment Act.

## SECOND CAUSE OF ACTION:
## AGE-BASED HOSTILE WORK ENVIRONMENT
*Pursuant to 29 U.S.C. § 621 et seq.*

39. Plaintiff incorporates and reinstates each of the above paragraphs as if fully set forth herein.

40. Plaintiff is over forty (40) years old, and, as such, is a member of the protected age class.

41. Plaintiff was subjected to harassment, based on the words and actions of Guinn, based on Plaintiff's age and Guinn's desire to prompt Plaintiff's "resignation" to replace him with a significantly younger employee.

42. Guinn's harassment was not wanted by Plaintiff, and the harassive conduct significantly humiliated, embarrassed, and demeaned Plaintiff on a pervasive basis. Furthermore, Guinn's harassment significantly interfered with Plaintiff's ability to perform the functions of his job.

43. Guinn's harassment was based on Plaintiff's age.

44. Guinn's harassment occurred on almost a daily basis and, thus, is sufficiently pervasive.

45. The harassment created an objectively intimidating, hostile, and offensive work environment for Plaintiff to such an extent that Plaintiff was constructively discharged in December 2022. The hostile work environment culminated with Plaintiff's constructive discharge, in light of additional, aggravating factors including, but not limited to, Guinn intentionally accusing Plaintiff of conduct Guinn knew not to be true or founded in any way and repeatedly attempting to force Plaintiff to self-demote or resign.

46. Because Guinn has the ability to hire and fire employees and to discipline employees, Guinn's status as a supervisor imputes liability for his harassive conduct to the City of Jennings.

47. Wherefore Plaintiff asks this Honorable Court to find the City of Jennings liable for the violation of Age Discrimination in Employment Act.

*{Remainder of Page Intentionally Left Blank}*

## PRAYER:

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Liquidated damages;

(c) Reasonable attorney's fees, with conditional awards in the event of appeal;

(d) Pre-judgment interest at the highest rate permitted by law;

(e) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(f) Costs, including expert fees;

(g) Injunctive relief; and

(h) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

*{Signature Page to Follow}*

**Respectfully Submitted**,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Tel: (337) 480- 0101
Fax:(337) 419- 0507
Email: james@saa.legal

BY: */s/ James E. Sudduth, III*
    **JAMES E. SUDDUTH, III, #35340**
    **ROSS M. MURRAY, #33614**
    **KOURTNEY L. KECH, #37745**
    *Counsel for Plaintiff*